IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAMIAN HUMPHREY, | ) | |
| | ) | Civil Action File No.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL REQUESTED |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Damian Humphrey ("Humphrey" or "Plaintiff"), by and through his undersigned counsel, and files this Complaint against Wal-Mart Stores, Inc. ("Wal-Mart") for interfering with his rights afforded to him by the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and in support thereof further states as follows:

### I.   Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

2. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391(b) because all or a substantial portion of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court.

## II.     Parties

3.      Plaintiff DAMIAN HUMPHRIES resides in Camilla, Georgia and is a citizen of the United States.  Humphries was employed by Defendant Wal-Mart in Camilla, Georgia (within this District).

4.      Defendant WAL-MART STORES, INC. is a corporation based in Little Rock, Arkansas which conducts business within this State and District and maintains its principal place of business at 124 West Capitol Avenue, Suite 1900 Little Rock, Arkansas  72201.  Wal-Mart is a corporation specializing in retail sales.  Wal-Mart is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its designated agent CT Corporation System located at 289 S Culver Street  Lawrenceville, GA  30046-4805.

5.      Wal-Mart was and is an "employer" within the meaning of the FMLA.  29 CFR 825.104.

## III.    Facts

6.      Mr. Humprey was a Wal-Mart employee from September, 2016, until October 31, 2017.[1]

---

[1] Mr. Humphrey's employment with Wal-Mart began in Florida, but he requested a transfer to Camilla, Georgia, in order to better tend to his ailing biological grandmother who lives in Atlanta.  Mr. Humphries' biological grandmother raised Mr. Humphries and acted *in loco parentis* during Mr. Humphries' childhood.

7.  On or about October 19, 2017, Mr. Humphrey requested leave pursuant to the Family and Medical Leave Act to care for his biological grandmother in the hospital.  *See* October 20, 2017 Leave of Absence Packet (attached hereto as "Exhibit 1") at p. 2.  Twice, on page 2 and page 9 of this packet, Wal-Mart informed Mr. Humphrey that he was to provide the requested certification form "no later than 11/08/2017."  On page 5 of this document, Wal-Mart correctly acknowledges that, pursuant to the FMLA Wal-Mart "must give [Humphrey] at least 15 calendar days [,or until at least November 3, 2017] to return this form to your employer."  *See* 29 CFR 825.305(b)("The employee must provide the requested certification to the employer within 15 calendar days after the employer's request…").

8.  Mr. Humphrey's employment with Wal-Mart was terminated on October 31, 2017 while Mr. Humphrey was in Atlanta attending to and caring for his grandmother in the hospital (sleeping nights on the floor in her Emory hospital room in Decatur, Georgia) (*see* Exhibit 2," hereto); before the November 3 deadline required by the FMLA for Mr. Humphrey to return the requested certification, and well before the November 8, 2017 deadline set forth in Wal-Mart's October 20 packet.

### IV.   CLAIMS

## COUNT ONE- Violation of the Family and Medical Leave Act

9. Plaintiffs hereby repeat and incorporate by reference paragraphs 1-8 herein.

10. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated provisions of the FMLA and corresponding federal regulations.

11. As a result of Defendant's violations of the FMLA, Plaintiff's employment was terminated.

12. Mr. Humphries was not provided with an adequate opportunity to submit certification of his grandmother's condition as required by the FMLA.

13. The FMLA provides up to 12 weeks of leave for qualified employees.

14. Wal-Mart terminated Plaintiff 12 *days* after requesting leave pursuant to the FMLA.

15. Defendant has not made a good faith effort to comply with the FMLA with respect to their denial of Plaintiff's request for FMLA leave to care for an individual who acted *in loco parentis* for Plaintiff during Plaintiff's childhood.[2]

16. As a result of the unlawful acts of Defendant, Plaintiff has been adversely affected in an amount to be determined at trial, and is entitled to recovery of such

---

[2] Plaintiff respectfully reserves his right to move for class certification pursuant to Fed.R.Civ.P. 23 in the event discovery shows that the number of individuals affected by Wal-Mart's policy - denying FMLA leave to employees who request leave to care for those who acted *in forma parentis* - are so numerous that such action is practical.

amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

**COUNT TWO:** **Intentional Infliction of Emotional Distress**

17. Defendant intentionally or recklessly engaged in conduct which was extreme and outrageous and which was certain to cause severe emotional distress to Plaintiff and did in fact cause such distress to Plaintiff by (a) summarily and pretextually terminating Plaintiff's employment while he was caring for his sick grandmother without notice, warning, or a proper opportunity to respond.

18. Defendant knew or reasonably should have known that such conduct would cause Plaintiff to suffer emotional distress.

19. Plaintiff has in fact suffered and continues to suffer emotional distress as a result of Defendant's wrongful conduct.

20. Plaintiff is entitled to recover both actual and punitive damages against Defendant for the emotional distress it has inflicted upon him in an amount to be determined by the jury.

## V.   Prayer For Relief

WHEREFORE, the named Plaintiff, pursuant to Section 216(b) of the FMLA, prays for the following relief:

   A. Damages for lost wages and benefits and prejudgment interest thereon;

B. Liquidated damages for lost wages and benefits and prejudgment interest thereon;

C. Damages for mental and emotional suffering caused by Defendant's misconduct;

D. Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

E. That Plaintiff be awarded reasonable attorneys' fees pursuant to the FMLA, as well as O.C.G.A. §§ 13-6-11 and 9-15-14 to the extent applicable;

F. That Plaintiff be awarded the costs and expenses of this action; and

G. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.[3]

Respectfully submitted this 1st day of December, 2017.

_____
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-994-3128
tyler@kaspersfirm.com

Counsel for Plaintiff

---

[3] Plaintiffs have attached hereto a Civil Action Cover Sheet as "Exhibit 1" and a Summons for the Defendant as "Exhibit 2."